## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 12 2020, 6:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Deputy Public Defender
Peru, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Adoption of K.L.B.; | February 12, 2020 |
| M.B., | Court of Appeals Case No. 19A-AD-2180 |
| *Appellant-Respondent,* | Appeal from the Howard Circuit Court |
| v. | The Honorable Lynn Murray, Judge |
| J.D. and K.D., | Trial Court Cause No. 34C01-1810-AD-52 |
| *Appellees-Petitioners.* | |

**Najam, Judge.**

## Statement of the Case

[1] M.B. ("Father") appeals the adoption court's grant of J.D. and K.D.'s ("Adoptive Parents") petition for adoption of Father's minor child, K.L.B.

("Child"). Father presents a single issue for our review, namely, whether the adoption court erred when it concluded that his consent to the adoption was not required.[1]

We affirm.

## Facts and Procedural History

Child was born on January 29, 2016, to A.B. ("Mother") and Father. After the Indiana Department of Child Services ("DCS") learned of allegations that Mother and Father were using drugs, it removed Child from Mother and Father's care on May 22, 2017, and placed Child with Adoptive Parents.[2] After DCS removed Child, Father visited Child twice. Thereafter, on June 18, Father was arrested and charged with burglary, as Level 4 felony. Father ultimately pleaded guilty to that charge and was sentenced to six years in the Department of Correction.

When Father "first got incarcerated," he called Child, but Child was "so young" that "there wasn't really a conversation." Tr. at 50, 51. On Thanksgiving Day 2017, Father attempted to call Child, but Adoptive Parents were "unable" to answer the phone. *Id*. at 19. Then, in August 2018, Father called Child one time, and the call lasted approximately "[t]wo to three

---

[1] The adoption court also concluded that Mother's consent to the adoption was not required. However, Mother does not participate in this appeal.

[2] Adoptive Parents are Mother's mother and stepfather.

minutes." *Id*. at 63. Father also sent Child a few letters, and he sent Child a Christmas card in 2018.[3]

[5] In October 2018, Adoptive Parents filed a petition to adopt Child. Thereafter, the adoption court held a hearing on the petition. During the hearing, K.D. testified that, during the phone call in August 2018, she had told Father that he was "welcome" to call and speak to Child, but Father never called again. *Id*. at 63. K.D. also testified that the Christmas card Father had sent to Child "[d]idn't really ask about her or how she was doing." *Id*. at 12.

[6] Following the hearing, the adoption court concluded that Father's consent to the adoption was not required. In particular, the court found and concluded in relevant part as follows:

> 45. Since his incarceration, [Father] has had no physical contact with [Child]. His contacts with her consist of two (2) brief telephone conversations, the last in August 2018. He has sent to her a few letters, and after the adoption petition was filed, a Christmas card. There was no evidence that [Father] could not keep mail correspondence or telephone contact with [Child] through [Adoptive Parents]. When [Father] talked to [K.D.] by telephone in August 2018 she told him that he could call anytime, yet he never called again. Even though incarcerated, there was nothing that prevented [Father] from making or attempting to make telephone contact or send correspondence to the child on a regular basis.

---

[3] The record does not indicate when Father sent Child the letters or describe their contents.

\* \* \*

47.  The court finds that [Father] has failed to communicate with [Child] for more than one (1) year without justifiable cause.

\* \* \*

53.  Based upon the above findings and conclusions, the court finds and concludes the consent to the adoption by [Father] is not required, and the petition for adoption should be granted over his objection.

Appellant's App. Vol. II at 135-143.  Accordingly, the adoption court issued an adoption decree granting Adoptive Parents' petition.  This appeal ensued.

## Discussion and Decision

[7] Father contends that the adoption court erred when it concluded that his consent to the adoption was not required.  As our Supreme Court has stated:

> In family law matters, we generally give considerable deference to the trial court's decision because we recognize that the trial judge is in the best position to judge the facts, determine witness credibility, get a feel for the family dynamics, and get a sense of the parents and their relationship with their children. Accordingly, when reviewing an adoption case, we presume that the trial court's decision is correct, and the appellant bears the burden of rebutting this presumption.

> The trial court's findings and judgment will be set aside only if they are clearly erroneous.  A judgment is clearly erroneous when there is no evidence supporting the findings or the findings fail to support the judgment.  We will not reweigh evidence or

assess the credibility of witnesses. Rather, we examine the evidence in the light most favorable to the trial court's decision.

*E.B.F. v. D.F.*, 93 N.E.3d 759, 762 (Ind. 2018) (quotation marks and citations omitted).

[8] Initially, we note that Adoptive Parents have not filed an appellee's brief.

> When an appellee fails to file a brief, we apply a less stringent standard of review. We are under no obligation to undertake the burden of developing an argument for the appellee. We may, therefore, reverse the trial court if the appellant establishes prima facie error. "Prima facie" is defined as "at first sight, on first appearance, or on the face of it."

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006) (citations omitted).

[9] Generally, a trial court may grant a petition for adoption only if both the mother and father of the child consent. Ind. Code § 31-19-9-1 (2019). However, Indiana Code Section 31-19-9-8(a) provides in relevant part that consent to an adoption is not required from a parent of a child in the custody of another person if, for a period of at least one year, the parent "fails without justifiable cause to communicate significantly with the child when able to do so[.]"

[10] Here, Father contends that the court erred when it concluded that he failed to communicate significantly with Child for a period of at least one year when he was able to do so. Our Supreme Court has stated that "[a] determination on

the significance of the communication is not one that can be mathematically calculated to precision." *J.W. v. D.F. (In re Adoption of E.B.F.)*, 93 N.E.3d 759, 763 (Ind. 2018). The Court explained that the "significance of the communication cannot be measured in terms of units per visit. Even multiple and relatively consistent contacts may not be found significant in context. But a single significant communication within one year is sufficient to preserve a non-custodial parent's rights to consent to the adoption." *Id*. (citations omitted).

Here, Father has not seen Child since his arrest on June 18, 2017. Since that date, Father has only sent a few letters and one Christmas card to Child, and he has only spoken to Child over the phone twice. Father acknowledged that "there wasn't really a conversation" during the first call, because Child was "so young." Tr. at 51. And Father's second call with Child only lasted "[t]wo to three minutes." *Id*. at 63. Father never called Child after August 2018, even though K.D. had told him that he could call "anytime" he wanted. *Id*. at 51.

Based on that evidence, we cannot say that the court clearly erred when it found that Father had failed to communicate significantly with Child for at least one year even though he was able to do so. Father's argument on appeal is simply a request that we reweigh the evidence, which we cannot do. The

adoption court did not err when it concluded that Father's consent to Child's adoption was not required.[4]

[13] Affirmed.

Vaidik, J., and Tavitas, J., concur.

---

[4] Father also appears to assert that the court erred when it concluded that his consent to the adoption was not required because his mother had regular visits with Child. However, Father has not made cogent argument to support that assertion, and it is waived. *See* Ind. Appellate Rule 46(A)(8)(a).